NO. 2010-48243

P-14
DC
QC

IN THE MATTER OF
THE MARRIAGE OF

§
§
§
§
§
§
§

VS 165

IN THE DISTRICT COURT

1st COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 11:35:30 PM
CHRISTOPHER A. PRINE
Clerk

JIMMY TRAN
AND
HOANG YEN THI DANG

309TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS

---

## FINAL DECREE OF DIVORCE

**F I L E D**
Chris Daniel
District Clerk

---

On January 13, 2014 through February 12, 2014, the Court heard this case.

**MAY 2 0 2014**
Time:_____
Harris County, Texas

*Appearances*

By_____
Deputy

Petitioner, Jimmy Tran, appeared in person and through attorneys of record, Matthew Muller and Finis Cowan, and announced ready for trial.

Respondent, Hoang Yen Thi Dang, appeared in person and through attorneys of record, Todd Frankfort and Richard L. Flowers, Jr., and announced ready for trial.

Third-Party Respondent, Tan Duc Construction Limited Company, appeared by and through its counsel of record, Kevin Pham and Keryl Douglas, and announced ready for trial

Intervenors, Lan Nguyen and Thomas W. Liddell, appeared, and, by stipulation of all counsel, were excused from participation in the jury trial, having submitted their testimony by affidavit.

*Record*

The record of testimony was duly reported by the court reporter for the 309th Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time Petitioner's Fifth Amended Original Petition for Divorce was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period

---

*Tran v Dang – Final Decree of Divorce*

and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was selected, questions of fact were submitted to the jury, and a verdict was returned and duly filed.

After all parties rested and made final arguments to the jury, the jury returned its answers to the questions submitted by the Court (with instructions, definitions, and precatory instructions omitted) as follows:

## QUESTION 1

*Was there an agreement by Hoang Yen Thi Dang to convey to Jimmy Tran an interest in Tan Duc USA in exchange for his deeding his 25% interest in the Memorial house to Tan Duc Vietnam?*

*To which the jury answered: NO.*

## QUESTION 2

*Did Hoang Yen Thi Dang fail to comply with such agreement found by you in your answer to the preceding question?*

*No answer required.*

## QUESTION 3

*Was Hoang Yen Thi Dang's failure to comply excused?*

*No answer required.*

## QUESTION 4

*Did Hoang Yen Thi Dang fail to comply with the provision of the premarital agreement, which says:*

> *It is contemplated that, within thirty (30) days after consummation of this marriage, Ms. Dang will gift to Mr. Tran assets having a fair market value of One Million Dollars ($1,000,000) (U.S. Dollars) in cash, stock, real estate, or other assets selected by Ms. Dang, such gifts shall be additional consideration from Ms. Dang to Mr. Tran in exchange for the promises, obligations, and agreements made by Mr. Tran herein.*

*To which the jury answered: NO.*

CertifiedDocumentNumber:61029308-Page3of14

QUESTION 5

Was Hoang Yen Thi Dang's failure to comply excused?

No answer required.

QUESTION 6

Did a relationship of trust and confidence exist between Hoang Yen Thi Dang and Jimmy Tran?

To which the jury answered: NO.

QUESTION 7

Did Hoang Yen Thi Dang comply with her fiduciary duty to Jimmy Tran?

No answer required.

QUESTION 8

Did Tan Duc USA knowingly participate in Hoang Yen Thi Dang's failure to comply with her fiduciary duty to Jimmy Tran?

No answer required.

QUESTION 9

Did Hoang Yen Thi Dang commit fraud against Jimmy Tran?

To which the jury answered: YES.

QUESTION 10

Did Tan Duc USA commit fraud against Jimmy Tran?

To which the jury answered: NO.

QUESTION 11A

Did the conduct referred to in questions 8 or 10 proximately cause damages to Jimmy Tran?

No answer required.

Was Tan Duc USA, part of a conspiracy that damaged Jimmy Tran?

No answer required.

QUESTION 12A

Did the conduct referred to in questions 7 or 9 proximately cause damages to Jimmy Tran?

To which the jury answered: YES.

QUESTION 12B

Was Hoang Yen Thi Dang part of a conspiracy that damaged Jimmy Tran?

To which the jury answered: YES.

QUESTION 13

What sum of money, if any, if paid now in cash, will fairly and reasonably compensate Jimmy Tran for his damages, if any, that resulted from the conduct of Hoang Yen Thi Dang?

Answer separately in dollars and cents for damages, if any, related to each of the following at the time of the failure to comply or fraud:

1. 11440 Memorial — Answer: $650,000
2. Venus Plaza, LP — Answer: $0.00
3. Venus Park Subdivision — Answer: $0.00
4. Furniture and Fixtures — Answer: $0.00
5. Gift (Question 4) — Answer: $0.00

QUESTION 14

What sum of money, if any, if paid now in cash, will fairly and reasonably compensate Jimmy Tran for his damages, if any, that resulted from the conduct of Tan Duc USA?

Answer separately in dollars and cents for damages, if any, related to each of the following at the time of the failure to comply or fraud:

1. 11440 Memorial — Answer: No answer required.
2. Venus Park Subdivision — Answer: No answer required.

CertifiedDocumentNumber:61029308-Page4of14

CertifiedDocumentNumber:61029308-Page5of14

## QUESTION 15

*Do you find by clear and convincing evidence that the harm to Jimmy Tran resulted from malice by Hoang Yen Thi Dang or Tan Duc USA?*

> *No answer required.*

## QUESTION 16

*Do you find by clear and convincing evidence that the harm to Jimmy Tran resulted from fraud by Hoang Yen Thi Dang or Tan Duc USA?*

> *To which the jury answered:*     *Hoang Yen Thi Dang: YES*
> *Tan Duc USA: NO*

## QUESTION 17

*Did Hoang Yen Thi Dang secure the execution of a document by deception and was the value of the property affected $1,500 or more?*

> *To which the jury answered: YES.*

## QUESTION 18

*Do fault grounds exist for divorce between Jimmy Tran and Hoang Yen Thi Dang?*

> *To which the jury answered: NO.*

## QUESTION 19

*Did Jimmy Tran commit adultery?*

> *No answer required.*

## QUESTION 20

*Is Jimmy Tran guilty of cruel treatment towards Hoang Yen Thi Dang of a nature that renders further living together insupportable?*

> *No answer required.*

<u>QUESTION 21</u>

*Is Hoang Yen Thi Dang guilty of cruel treatment towards Jimmy Tran of a nature that renders further living together insupportable?*

*No answer required.*

After the jury returned the foregoing verdict, Hoang Yen Thi Dang and Jimmy Tran made additional arguments to the jury concerning exemplary damages, and the jury returned its answer to the following question submitted by the Court (with instructions, definitions, and precatory instructions omitted):

<u>QUESTION 1</u>

*What sum of money, if any, if paid now in cash, should be assessed against Hoang Yen Thi Dang and awarded to Jimmy Tran as exemplary damages, if any, for the conduct found in response to Questions 16 and 17?*

*Answer: $50,000*

*Divorce*

IT IS ORDERED AND DECREED that Jimmy Tran, Petitioner, and Hoang Yen Thi Dang, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability

*Premarital Agreement*

The Court finds that: (i) the parties entered into a Premarital Agreement dated August 13, 2007 (the "Premarital Agreement"); (ii) that the Premarital Agreement is a valid agreement pursuant to Chapter 4 of the Texas Family Code; and (iii) that the property division and the confirmation of the parties' separate property is in compliance with the terms of the Premarital Agreement.

*Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent and that none is expected

*Division of Marital Estate & Confirmation of Separate Property*

The Court finds that pursuant to the terms of the Premarital Agreement, no community property exists.

<u>Confirmation of Separate Property of Jimmy Tran</u>

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Jimmy Tran:

CertifiedDocumentNumber:61029308-Page6of14

H-1. All sums of cash in the possession of Jimmy Tran or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the his sole name or from which Jimmy Tran has the sole right to withdraw funds or which are subject to his sole control.

H-2. All funds in Jimmy Tran's name which are on deposit, together with accrued but unpaid interest, in any banks, savings institutions, or other financial institutions.

H-3. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Jimmy Tran or subject to his sole control.

H-4. All clothing, jewelry, and other personal effects in the possession of Jimmy Tran or subject to his sole control.

H-5. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in Jimmy Tran's name, together with all dividends, splits, and other rights and privileges in connection with them.

H-6. All motor vehicles in the possession of Jimmy Tran, together with all prepaid insurance, keys, and title documents.

H-7. The judgment awarded herein.

H-8 All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Jimmy Tran's past, present, or future employment.

H-9. All right, title, and interest in and to any business entity held in the name of Jimmy Tran, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business

H-10. Any promissory notes payable to the order of Jimmy Tran.

<u>Confirmation of Separate Property of Hoang Yen Thi Dang</u>

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Hoang Yen Thi Dang:

W-1. All sums of cash in the possession of Hoang Yen Thi Dang or subject to her sole

CertifiedDocumentNumber:61029308-Page7of14

control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the her sole name or from which Hoang Yen Thi Dang has the sole right to withdraw funds or which are subject to her sole control.

W-2    All funds in Hoang Yen Thi Dang's name which are on deposit, together with accrued but unpaid interest, in any banks, savings institutions, or other financial institutions.

W-3.   All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Hoang Yen Thi Dang or subject to her sole control.

W-4.   All clothing, jewelry, and other personal effects in the possession of Hoang Yen Thi Dang or subject to her sole control.

W-5.   All brokerage accounts, stocks, bonds, mutual funds, and securities registered in Hoang Yen Thi Dang's name, together with all dividends, splits, and other rights and privileges in connection with them.

W-6.   All motor vehicles in the possession of Hoang Yen Thi Dang, together with all prepaid insurance, keys, and title documents.

W-7.   The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door openers, warranties and service contracts, and title closing documents:

    a.   That certain parcel of real property commonly known as 7411 Hillside Dr., La Jolla, California; and

    b.   That certain parcel of real property commonly known as 16 Caobanha, Vietnam.

W-8    All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of Hoang Yen Thi Dang's past, present, or future employment.

W-9    All right, title, and interest in and to any business entity held in the name of Hoang Yen Thi Dang, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business, including, but not limited to Hoang Yen Thi Dang's interest in and to the following.

CertifiedDocumentNumber:61029308-Page8of14

a. New Orient, a Vietnamese business entity;

b. SEI, a Vietnamese business entity;

c. U.S Southern Corp., a Texas corporation; and

d. Handsel, LLC, a Texas limited liability corporation.

W-10. Any promissory notes payable to the order of Hoang Yen Thi Dang.

<u>Confirmation of Separate Property Debt of Jimmy Tran</u>

IT IS ORDERED AND DECREED that the following items are the obligations of the separate property estate of Jimmy Tran, and Jimmy Tran shall indemnify and hold Hoang Yen Thi Dang and her property harmless from any failure by him to discharge the following items:

H-1. All debts, charges, liabilities, and other obligations incurred solely by Jimmy Tran from and after September 19, 2007

H-2. The balance due, including principal, interest, and all other charges, on any promissory note given as part of the purchase price of and secured by a lien on any motor vehicle awarded to Jimmy Tran

H-3. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to Jimmy Tran in this decree, unless express provision is made in this decree to the contrary.

H-4. All attorney's fees, expert witness fees, consulting costs, and costs of court incurred by Jimmy Tran in connection with this litigation.

<u>Confirmation of Separate Property Debt of Hoang Yen Thi Dang</u>

IT IS ORDERED AND DECREED that the following items are the obligations of the separate property estate of Hoang Yen Thi Dang, and Hoang Yen Thi Dang shall indemnify and hold Jimmy Tran and his property harmless from any failure by her to discharge the following items:

W-1. All debts, charges, liabilities, and other obligations incurred solely by Hoang Yen Thi Dang from and after September 19, 2007.

W-2. The balance due, including principal, interest, and all other charges, on any promissory note given as part of the purchase price of and secured by a lien on any motor vehicle awarded to Hoang Yen Thi Dang.

W-3 All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to Hoang Yen Thi Dang in this decree, unless express provision is made in this decree to the contrary.

W-4 All attorney's fees, expert witness fees, consulting costs, and costs of court incurred by Hoang Yen Thi Dang in connection with this litigation.

CertifiedDocumentNumber:61029308-Page9of14

W-5. Liability for any judgment awarded herein against Hoang Yen Thi Dang.

<u>Notice</u>

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

*Attorney's Fees*

The Court finds that Jimmy Tran and Tan Duc USA made certain requests for the recovery of attorney's fees. The following is ORDERED, ADJUDGED, AND DECREED with respect to attorney's fees.

a. Jimmy Tran's request for attorney's fees from Hoang Yen Thi Dang is, in all things, DENIED;
b. Tan Duc USA's request for attorney's fees from Jimmy Tran is, in all things, DENIED, and
c. Each party shall be responsible for his or her own attorney's fees, expenses and costs incurred as a result of legal representation in this case.

*Federal Income Taxes – Year of Divorce*

IT IS ORDERED AND DECREED that, for the calendar year 2014, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2014, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Intervenors*

The Court heard the evidence and arguments of counsel and announced its decision for Intervenors LAN T. NGUYEN and W. THOMAS LIDDELL as follows:

IT IS ORDERED that Attorney fees for Intervenors shall be paid in the following manner:

a. JIMMY TRAN shall pay Intervenor attorney's fees in the amount of twenty-six thousand, four hundred twenty-eight dollars, and forty-four cents ($26,428.44) to W. Thomas Liddell, Intervenor; and

CertifiedDocumentNumber:61029308-Page10of14

b. JIMMY TRAN shall pay attorney's fees in the amount of fifty thousand, nine hundred ninety-four dollars, and six cents ($50,994 06) to Lan Nguyen, Intervenor

It is, therefore ORDERED, ADJUDGED, AND DECREED that:

a. W. Thomas Liddell, Intervenor, shall have and recover judgment from and against Jimmy Tran in the amount of Twenty-Six Thousand Four Hundred Twenty-Eight and 44/100 Dollars ($26,428.44), plus post-judgment interest on such amount at the highest lawful rate for post-judgment interest, from May 9, 2014 until paid, for which let execution issue, and

b. Lan Nguyen, Intervenor, shall have and recover judgment from and against Jimmy Tran in the amount of Fifty Thousand Nine Hundred Ninety-Four and 6/100 Dollars ($50,994.06), plus post-judgment interest on such amount at the highest lawful rate for post-judgment interest, from May 9, 2014 until paid, for which let execution issue.

*Liability for Causes of Action*

The Court, having considered the jury's verdict, makes the following orders. IT IS ORDERED, ADJUDGED, AND DECREED that:

a Jimmy Tran shall TAKE NOTHING as a result of his causes of action against Tan Duc USA;

b. Jimmy Tran shall have and recover judgment from and against Hoang Yen Thi Dang for actual damages in the amount of Six Hundred Fifty Thousand and No/100 Dollars ($650,000.00), plus pre-judgment interest at the highest lawful rate for pre-judgment interest, from August 4, 2010 until February 19, 2014, plus post-judgment interest on such amount at the highest lawful rate for post-judgment interest, from February 20, 2014 until paid, for which let execution issue; and

c. Jimmy Tran shall have and recover judgment from and against Hoang Yen Thi Dang for exemplary damages in the amount of Fifty Thousand and No/100 Dollars ($50,000.00), plus post-judgment interest on such amount at the highest lawful rate for post-judgment interest, from February 20, 2014 until paid, for which let execution issue.

*Court Costs*

IT IS ORDERED AND DECREED that Tran's taxable costs of court are recoverable against Dang and that Tan Duc USA's taxable costs of court are recoverable by Tan Duc USA against and from Jimmy Tran.

CertifiedDocumentNumber:61029308-Page11of14

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on March 27, 2014, and any injunctive relief previously granted by this Court is hereby, in all things, VACATED.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that, in accordance with Rule 191.4(d) of the Texas Rules of Civil Procedure, the parties and their respective attorneys are not discharged from the requirement of keeping and storing the documents produced in this case and all discovery materials not filed with the Court, and the parties and their respective attorneys shall maintain, for a period of thirty days after this judgment is signed, all such materials.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted herein is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This divorce judicially PRONOUNCED AND RENDERED in court on ~~February~~ May 20, 2014 and further noted on the court's docket sheet on the same date, ~~but signed~~ on May 20, 2014.

_____
JUDGE PRESIDING

CertifiedDocumentNumber:61029308-Page12of14

APPROVED AS TO FORM ONLY:


_Finslow m_

Finis Cowan
State Bar No. 04912100
1601 Westheimer, Suite 2000
Houston, Texas 77006
Tel: 713-582-6066
Fax: 713-561-3692
Service email: finis@finiscowan.com
COUNSEL FOR JIMMY TRAN



Matthew S. Muller
State Bar No. 14648450
1445 N. Loop West, Suite 760
Houston, Texas 77007
Tel: 713-227-1888
Fax: 713-227-1881
Service email: mmuller@texas.net
COUNSEL FOR JIMMY TRAN


FLOWERS & FRANKFORT,
  ATTORNEYS AT LAW

By:_____
    Todd Frankfort
    State Bar No. 00790711
    Richard L. Flowers, Jr.
    State Bar No. 07180500
    5020 Montrose, Suite 700
    Houston, Texas 77006
    Tel: 713-654-1415
    Fax: 713-654-9888
    Service Email: service@flowerslaw.com
COUNSEL FOR HOANG YEN THI DANG

KEVIN H. PHAM & ASSOCIATES, P.C.

By:_____
  Kevin H. Pham
  State Bar No. 00791438
  10260 Westheimer Rd., Suite 207
  Houston, Texas 77042
  Tel: 713-789-8010
  Fax: 713-789-7750
  Service email: kevin@kevinphamlaw.com
COUNSEL FOR TAN DUC USA

_____(FORM ONLY)

Keryl L. Douglas
State Bar No. 24060880
5804 Bayou Bend Court
Houston, Texas 77004
Tel. 713-819-9945
Fax: 713-589-6823
Service email: kerylldouglas@gmail.com
COUNSEL FOR TAN DUC USA

SHORTT & NGUYEN, P.C.

By:_____      by permission
  Lan T. Nguyen, Intervenor                        TR
  State Bar No 14985490
  W/ Thomas Liddell, Intervenor
  State Bar No 12328600
  2701 Fannin St.
  Houston, Texas 77002
  Tel: (713) 654-8881
  Fax: (713) 651-9198
  Service email: _____
INTERVENORS

CertifiedDocumentNumber:61029308-Page14of14



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this      July 13, 2015

Certified Document Number:      61029308 Total Pages: 14

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com